JAMES P. WHITE, Trustee, Appellant, v. M. E. BLACK, Respondent.

Kansas City Court of Appeals, December 4, 1905.

1. **MORTGAGE: Foreclosure: Law: Equity.** An action under the statute to foreclose a mortgage is one at law and not in equity.

2. **BILLS AND NOTES: Pleading: Payment: Gift: Evidence.** A plea that the defendant had paid a given sum for which he held a receipt is a special plea of the payment of money and is not supported by a gift evidenced by receipt; though under a general plea of payment the proof of a gift is admissible.

3. ————: **Payment.** To constitute payment the debtor must have given something—money, papers, rights or services.

Appeal from Linn Circuit Court.—*Hon. John P. Butler, Judge.*

REVERSED AND REMANDED (*with directions*).

*A. W. Mullins, W. H. Nichols* and *H. P. Lander* for appellant.

(1) No gift was pleaded; nor was there evidence in support of it. Bliss on Code Pleading, 352; Swartz Co. v. Vanstone, 62 Mo. App. 241; Northrup v. Ins. Co., 47 Mo. 435; Musser v. Adler, 86 Mo. 445; Manufacturing Co. v. Ball, 43 Mo. App. 504; Kersey v. Garton, 77 Mo. 645; Plow Co. v. Wayland, 81 Mo. App. 305; Russell v. Whitely, 59 Mo. 196. (2) The court gave the plaintiff's declaration of law, numbered 4, and having found the facts to be as hypothecated therein, the court should have rendered judgment for plaintiff for the full amount of the note sued on, and foreclosed the mortgage, and erred in not doing so. If the "receipt, in evidence, for $1,450 had no valuable consideration," on account of any indebtedness, "to support it," then it was and is a nullity as a payment. Land Co. v. Rhodes, 54 Mo. App. 129; Aull v. Trust Co., 149 Mo. 1-17; 19 Am. and

Eng. Ency. of Law (1 Ed.), pp. 1115-1116. (3) There was no issue in the case as to a gift from Mrs. White to the defendant, Mrs. Black, and if there had been evidence with respect to such gift, it could have been of no avail to the defendant. "An affirmative defense is of no avail if not pleaded, though the testimony disclose it." Dinglidein v. Railroad, 9 Bosw. (N. Y.) 79; Swartz Bros. Com. Co. v. Vanstone, 62 Mo. App. 244. (4) The case is an action at law under the statute, and not a suit in equity. R. S. 1899, secs. 4342, 4343, 4348; Smith v. Finn, 77 Mo. 499; Thayer v. Campbell, 9 Mo. 277; Riley's Adm'r v. McCord's Adm'r, 24 Mo. 266; Weary v. Wittmer, 77 Mo. App. 546; Estes v. Fry, 166 Mo. 70, 79.

*A. A. Bailey* and *West & Bresnehen* for respondent.

(1) Under this second defense defendant had the right to offer evidence of any valid agreement between herself and the payee of the note which would operate as a discharge of that part of the debt alleged to have been paid. McLaughlin v. Webster, 141 N. Y. 76; Carpenter v. Soule, 88 N. Y. 251. (2) Under the second defense pleaded, defendant offered evidence of an executed gift of $1,450, evidenced by receipt. Carpenter v. Soule, 88 N. Y. 251; 14 Am. and Eng. Ency. of Law (2 Ed.), 1009, 1031, 1032; Bedell v. Carll, 33 N. Y. 581-584. (3) Plaintiff complains of the refusal, by the court, to give some of his declarations of law. The giving or refusal of declarations of law in an equity case is not a ground for reversal. Brandon v. Dawson, 63 Mo. App. 359; Freeman v. Wilkerson, 50 Mo. 554; Hunter v. Miller, 36 Mo. 144; Kostuba v. Miller, 137 Mo. 161.

BROADDUS, P. J.—The plaintiff's suit is based upon a promissory note executed by defendant, payable to S. M. White, dated March 1, 1897, and due one year after date, for the sum of $2,900, with six per centum

per annum from date, indorsed; "Pay to the order of James P. White, trustee," by said S. M. White; and further, to foreclose a certain mortgage executed on the same date by defendant on certain land situate in Linn county, Missouri, to secure the payment of said note, wherein one Harry Lander was made trustee. The petition alleges that said S. M. White, on January 16, 1904, the date of transfer of said note, also by writing, constituted plaintiff as her trustee, and conveyed to him as such the said mortgage. The answer admits the execution of said note, and further alleges: That after said note became due and before assignment to plaintiff, the defendant paid said S. M. White the sum of $1,450 on said note and mortgage, for which the said S. M. White executed a receipt to defendant, and released said land from that amount of said incumbrance. Further answering, defendant alleges that the said S. M. White is the defendant's aunt and plaintiff's mother, that for thirty years next preceding the 18th day of December, 1903, said S. M. White lived with defendant, during which time she furnished her with board, washing, care and attention; that frequently during all of said time said S. M. White stated to the defendant and agreed to pay her for the said services, and during all said time defendant expected compensation therefor; that up to said date of December, 1903, the said S. M. White paid her nothing for her said services during said time, and that on said day, she, the said S. M. White, in consideration of the same, executed and delivered to defendant said receipt for $1,450, and released that amount from said mortgage. Defendant brings into court the amount and interest due on said note, less said sum of $1,450, and asks that the note and mortgage be cancelled. ·

Plaintiff's reply admits the execution of said receipt by S. M. White, and denies that she ever became indebted to or agreed to pay defendant for board, washing, care or attention; and further states that at the time S. M. White signed said receipt for $1,450 she was

sick and not expected to live but a short time, and that from the effects of said sickness and medicines administered to her she did not know or understand the nature of said writing, and that it was wholly without consideration and void.

The cause was tried before the court without a jury. At the written request of the plaintiff the court made a finding of facts, the result of which was as follows: That owing to the relation of the parties there was no intention on the part of the defendant to charge the said S. M. White for board or lodging while she was staying with her; and that at the time of the execution of the receipt the said S. M. White was in the full possession of all her mental faculties and comprehended what she was doing, and that the same was intended as a gift to defendant of one-half of the said mortgage debt. Judgment was rendered in accordance with said finding, and plaintiff appealed.

The parties differ in opinion as to the nature of the proceeding, the plaintiff claiming that it is an action at law, and defendant that it is a case in equity. The plaintiff asked a number of instructions which the court refused, which he assigns as error. If the case is one in equity there was no error of the court in that respect, as it is not proper practice for such courts to give instructions on the law. But it is otherwise in law cases, where it is made the duty of the courts, at least when requested, to apply the law to the facts by appropriate instructions. This is a case at law. An action under the statute for the foreclosure of a mortgage is one in law and not in equity. [Smith v. Finn, 77 Mo. 499; Estes v. Fry, 166 Mo. 70.]

The plaintiff insists that the finding and judgment are outside the pleadings. The defenses, as we have seen, besides the general denial, are two: first, that the defendant paid on said note $1,450, for which the payee executed a receipt, dated December 18, 1903; second, that defendant boarded and cared for said payee a num-

ber of years, in consideration for which she executed a receipt for $1,450, dated December 18, 1903, as a credit on said note. As the court found against defendant on her second defense, and the same is in no way questioned, that part of the case is not under review.

The finding of the court on said first defense is not that defendant paid on said note the said sum of $1,450, for which payee executed the receipt in question, but that it was a gift for that amount. The finding was not warranted by the pleadings. In the first place the plea is a payment of money, and as such amounts to a special pleading. Under a general plea of payment, a discharge of the obligation in money or its equivalent by the assent of the parties would be admissible. [Clay v. Lakenan, 101 Mo. App. 1. c. 568; 1 Beach Modern Law of Contracts, chap. 10, sec. 361.] The defendant surrendered nothing as a consideration for the receipt. In order to constitute a payment, in its broadest sense, the debtor must have given something, either in money, property or right, or performed some service. Defendant in support of her contention that under a general plea of payment proof of a gift is admissible, cites, McLaughlin v. Webster, 141 N. Y. 76. But that was a case where the executors of an estate were sued for debt owing by the testator, in which, under the general plea of payment, it was held that it was competent to prove that it was agreed between the deceased and the plaintiff that deceased would provide for payment by will. It was in no sense a gift. It is an impossibility for a debtor to discharge a debt by gift, for if he gives anything in discharge of a debt it is not a donation, but a payment. It follows therefore that the court committed error in refusing plaintiff's request under the pleadings and evidence to make a finding in his favor.

Respondent's motion to dismiss the appeal is overruled.

As the case is one in law, we will not attempt to determine beforehand whether the gift was what is termed

*inter vivos* or *causa mortis*. The cause is reversed and remanded, with permission to the defendant to amend her answer and for a re-trial had under the issues of the answer as so amended. All concur.