## HUBER et al.

v.

## SOLON GERSHMAN REALTORS, Inc.
(KOMM et al., third-party defendants).

### No. 28728.

St. Louis Court of Appeals. Missouri.

Jan. 19, 1954.

Adolph K. Schwartz, St. Louis, for defendant-appellant Solon Gershman Realtors, Inc.

Fred M. Joseph, Clayton, for third-party defendant Hope Komm.

Morris A. Shenker, St. Louis, for Blanche Komm, individually and as executrix of estate of David R. Komm, Deceased.

Kerth & Schreiber, Dalton W. Schreiber, Clayton, for plaintiffs-respondents.

HOUSER, Commissioner.

This is a suit by Helen R. Huber, Glick Real Estate Company, a corporation, and Eugene Glick against Solon Gershman Realtors, Inc., a corporation, for the recovery of a deposit in the sum of $2,500 made by plaintiffs with defendant pursuant to an earnest money contract for the purchase of the Ivanhoe Theatre property in the City of St. Louis. The Glick corporation and Eugene Glick, desiring to purchase the theatre, after offer and counteroffer, caused their agent Helen R. Huber to execute an earnest money contract for the purchase of the theatre for $52,500 and deposited $2,500 with the Gershman corporation, the real estate broker in the transaction. The owners of the theatre, Hope Komm, David Komm and Blanche Komm, his wife, had leased the theatre to a corporation, and Bess Schulter, president of the lessee company, had executed a personal agreement guaranteeing performance of the lease agreement by the lessee. At the time of the negotiations in question the lease on the theatre was in default, the rental on the equipment was delinquent, the theatre had been closed and Bess Schulter was denying liability on the guaranty agreement. Plaintiffs claimed that they were uninformed of these facts

prior to the time they executed the earnest money contract. The owners of the property, the Komms, executed the contract, but they claim in this suit that before doing so they were assured by Solon Gershman, president of the defendant corporation, that the purchasers had been informed of the above facts. Before the date set for closing the sale the purchasers learned the true facts respecting the lease, whereupon Nat Glick, president of plaintiff corporation, informed defendant that the purchasers would not go through with the transaction and demanded the return of the earnest money. Upon failure of defendant to comply with the demand of plaintiffs this lawsuit was filed. After the suit was instituted defendant, by leave of court, filed a third-party petition naming Hope Komm, David Komm and Blanche Komm, the intended sellers, as third-party defendants, alleging that the defendant broker had made no representations to the intended purchasers concerning the rentals, lease and guaranty agreement—that if any such representations were made they were made by the third-party defendants, and praying that if plaintiff purchasers recovered judgment against defendant broker, the latter then be awarded judgment against the third-party defendants in the same sum.

The issues between plaintiffs and defendant, and between defendant and third-party defendants, were tried at one and the same time. The cause was submitted to the court without a jury. The court rendered judgment for plaintiffs and against defendant Solon Gershman Realtors, Inc., in the sum of $2,500 plus interest, in the total sum of $2,808.30, and also rendered judgment for Solon Gershman Realtors, Inc. and against the third-party defendants Hope Komm and Blanche Komm, individually, and Blanche Komm, as executrix of the estate of David R. Komm, Deceased (David R. Komm died during the pendency of the litigation), for the total sum of $1,938.34, including interest. Subsequently a motion for a new trial filed by defendant Solon Gershman Realtors, Inc., was overruled, but motions for a new trial filed by the third-party defendants were sustained. Thereupon defendant Solon Gershman Realtors, Inc., appealed from the judgment in favor of plaintiffs and against defendant Solon Gershman Realtors, Inc. No other appeal was taken or further order made in the case. At no time during these proceedings did the circuit court make an order under Section 510.180(2) RSMo. 1949, V.A.M.S., directing a separate trial of the issues between plaintiffs and defendant on the one hand, and between defendant and the third-party defendants on the other. On this appeal counsel for both parties state that the issues between defendant and the third-party defendants are now awaiting trial in the lower court and are not involved in this appeal.

The transcript of the record, together with the statements of counsel, indicate clearly that the case has not been disposed of as to the third-party defendants Hope Komm, Blanche Komm, individually, and Blanche Komm, as executrix of the estate of David R. Komm, Deceased. Although the point was not raised by the parties, we must on our own motion notice whether the appeal is premature. It is elementary that a judgment in order to be final and appealable must dispose of all parties and all issues in the cause and leave nothing for future determination. In this case no final appealable judgment has been rendered. The cause remains pending and undisposed of as to the third-party defendants. Consequently this appeal should be dismissed as premature, Ladue Contracting Co. v. Land Development Co., Mo. App., 262 S.W.2d 360, and cases cited, and the Commissioner so recommends.

PER CURIAM.

The foregoing opinion of HOUSER, C., is adopted as the opinion of the court.

The appeal is, accordingly, dismissed.

ANDERSON, P. J., and BENNICK and RUDDY, JJ., concur.