Ronald Leroy HANCE, (Plaintiff)
Respondent,

v.

ST. LOUIS–SAN FRANCISCO RAILWAY
COMPANY, a Corporation, (De-
fendant) Appellant.

No. 29219.

St. Louis Court of Appeals. Missouri.

Nov. 15, 1955.

James L. Homire, W. W. Dalton, Ernest D. Grinnell, Jr., St. Louis, for appellant.

Forrest Boecker, Leland Jones, Eugene K. Buckley, St. Louis, for respondent.

HOUSER, Commissioner.

Ronald Leroy Hance filed a petition in circuit court in three counts against the defendant railway corporation. In Count I he sought damages for alleged violation by defendant of his re-employment rights under the Selective Service Act of 1940, as amended, 50 U.S.C.A.Appendix, § 308. In Count II he sought damages for alleged wrongful discharge in violation of certain contract and seniority rights. In Count III he sought damages for non-compliance with the requirements of the service letter statute, Section 290.140 RSMo 1949, V.A.M.S.

The cause was tried to the court without a jury. During the trial plaintiff dismissed Count III without prejudice. The court made and entered of record written findings of fact and conclusions of law, separately, on Counts I and II. The findings of fact and conclusions of law were consistent with a judgment for plaintiff on both counts. Finding of Fact No. 16 and Conclusion of Law No. 5, on Count I follow:

"16. The record shows that the amount of plaintiff's damages because of loss of wages, less the amount he earned at other employments are to be not less than One Thousand Two Hundred Dollars in excess of the sum prayed for and his damages are limited by his prayer for relief of Twelve Hundred ($1200) Dollars.

"5. The award of damages and deduction thereof is within this court's discretion."

Finding of Fact No. 10 and Conclusion of Law No. 12, on Count II follow:

"10. Plaintiff has been damaged because of loss of wages from the date of discharge to the date of the hearing of this cause, less such sums as he has earned at other employment, in a sum in excess of his prayer for damages, but he is limited by his prayer for damages to Six Thousand ($6,000) Dollars.

"12. Plaintiff is entitled to judgment in the sum of Six Thousand Dollars and his costs, against defendant."

The judgment of the court follows:

"This cause having heretofore been tried before the Court on the 11th day of February, 1953, and having been submitted to the Court upon its pleadings, evidence and proof adduced, and the further hearing of said cause having been continued, and now at this day the Court being sufficiently advised of and concerning the premises, doth find in favor of plaintiff and against defendant on the issues herein joined and doth assess plaintiff's damages at the sum of $6,000.00.

"Wherefore, it is considered and adjudged by the Court that the plaintiff have and recover of the defendant the sum of Six Thousand ($6,000.00) Dollars, together with the costs of this proceeding, and that execution issue therefor.

"Plaintiff's findings of fact and conclusion of law, filed."

From the judgment defendant appealed, its after-trial motions not having been ruled on within ninety days.

In order to expedite the final decision of cases and avoid unnecessary expenditures of time, effort and costs, appellate courts prefer to dispose of appeals on their merits. However, a court must ever be mindful of its jurisdiction and where, as here, it is apparent that an appeal is premature it must be dismissed. We are bound to take notice of such a situation even though it is not raised by any of the parties. Ladue Contracting Co. v. Land Development Co., Mo.App., 262 S.W.2d 360. The right of appeal is purely statutory, and a compliance with the mandatory statutory requirements is a prerequisite to the exercise of this right. Section 512.020 RSMo 1949, V.A.M.S. provides for an appeal "from any final judgment in the case", and from certain named interlocutory orders and judgments not pertinent here. Section 511.020 RSMo 1949, V.A. M.S. provides that "A judgment is the final determination of the right of the

parties in the action." In order for a judgment to be final and appealable it must dispose of all of the issues in the cause and a judgment is not considered final which settles a part only of several issues of law or fact. Hanover Fire Ins. Co. v. Commercial Standard Ins. Co., Mo.Sup., 215 S.W.2d 444; Magee v. Mercantile-Commerce Bank & Trust Co., 339 Mo. 559, 98 S.W.2d 614; Huber v. Solon Gershman Realtors, Inc., Mo.App., 263 S.W.2d 858; Ladue Contracting Co. v. Land Development Co., supra.

■ The instant judgment is a general judgment for plaintiff for $6,000, presumably on count II, since the first count prayed for judgment for a less amount. See Nokes v. Nokes, Mo.App., 8 S.W.2d 879. It neither determines the rights of nor grants relief to either party on Count I. Except where the trial court orders separate trials under Supreme Court Rule 3.29, 42 V.A.M. S., (which is not the situation here), there can be but one judgment and unless the judgment disposes of all counts in the petition there is no final judgment. As' stated in Russell v. St. Louis & Suburban Ry. Co., 154 Mo. 428, loc. cit. 432, 55 S.W. 454, loc. cit. 455:

"* * * no matter how many counts there may be in a petition there can be but one final judgment in the case. That judgment may be for one party on one count, and for the other party on the other count, but it must all be expressed in one judgment."

■ Where two counts declare upon separate causes of action the judgment should dispose of both counts. Maloy v. St. Louis, I. M. & S. R. Co., Mo.App., 178 S.W. 224.

In Magee v. Mercantile-Commerce Bank & Trust Co., supra, the petition contained five counts. At the end of all of the evidence the court gave the jury an instruction in the nature of a demurrer to the evidence as to four of the five counts. Count I was submitted to the jury, and a verdict was rendered for plaintiff. The judgment of the court was for plaintiff for the amount of the verdict. The record contained no verdict on the other four counts and no judgment purporting to dispose of them. In dismissing the appeal as premature the Supreme Court in an opinion by Hyde, J., said, 98 S.W.2d loc. cit. 616:

"* * * the judgment here does not merely omit matters of form or show defectively that a final result was reached. The trouble is that it grants no relief to either party on four of the five counts tried, and shows that no rights were determined at all except on one count only. Therefore, it is clear that there is no final judgment in this case."

In Nokes v. Nokes, supra, the petition was in two counts, one in equity for an accounting and the other at law for a sum certain. The judgment shown by the record was for $500. The appeal from the judgment was dismissed as premature, the court saying, 8 S.W.2d loc. cit. 880:

"The record fails to show a disposition of both counts of the petition. There can be but one judgment, and, unless that judgment disposes of all counts in the petition, there is no final judgment. Russell v. St. Louis & Suburban Railway Co., 154 Mo. 428, 55 S.W. 454; Estes v. Fry, 166 Mo. 70, 65 S.W. 741; Springfield Gas & Electric Co. v. Fraternity Bldg. Co., Mo.App., 264 S.W. 429."

■ Count I has not been decided or disposed of and is still pending and undetermined in the trial court. In the present state of the record the trial court should set aside the judgment and enter a new judgment expressing the judgment on both Counts I and II. After a final judgment has been entered determining both counts either or both parties may then appeal therefrom if they so elect.

Accordingly, the Commissioner recommends that the appeal be dismissed.

PER CURIAM.

The foregoing opinion of HOUSER, C., is adopted as the opinion of the court.

The appeal is, accordingly, dismissed.

ANDERSON, P. J., MATTHES, J., and SAM C. BLAIR, Special Judge, concur.