**KANSAS CITY POWER & LIGHT COMPA-NY, a Corporation, Respondent,**

v.

**KANSAS CITY, Missouri, a Municipal Corporation, Appellant.**

No. 53145.

Supreme Court of Missouri, Division No. 1.

April 8, 1968.

Thomas M. Sullivan, Downey, Sullivan, McCormick & Fitzgerald, Kansas City, for respondent.

Herbert C. Hoffman, City Counselor, Ned .B. Bahr, Associate City Counselor, Richard W. Mason, Jr., Associate City Counselor, Kansas City, for appellant.

HOUSER, Commissioner.

Kansas City Power & Light Company filed a petition in two counts against Kansas City, Missouri. The first count is to quiet title to Lot 8 of Hawthorn Plantside Addition, a subdivision in that city, and for a decree adjudging that plaintiff is the fee simple owner of the land, subject only to an easement for levee purposes. The second count is for an accounting of all monies, rentals and crops received by defendant in its use of the land, under certain lease and rental arrangements alleged to have been made.

The case was tried to the court on both counts. The judgment entered, responsive to the issues drawn on Count I, did not dispose of or refer to the issues framed on Count II. The court did not specifically designate the judgment as a final judgment for the purposes of appeal. Defendant, appealing from the judgment, complains only of the action of the court in quieting title in fee simple in plaintiff.

As indicated, the record shows that the case was tried to the court on both counts. In opening statement counsel for plaintiff, after referring to the fact that a dispute arose as to the ownership of this tract of ground, stated "There were people who had used part of it to raise some crops, and they had paid some money to Kansas City, Missouri, and they had paid formerly to the Power and Light Company, the Plaintiff. So when this dispute arose, it was reduced to and resulted in a lawsuit." Plaintiff's counsel during the presentation of evidence at first suggested that Count II be "left in abeyance," but then indicated that plaintiff did not want to waive its claim under Count II and proceeded to introduce evidence showing the amount of the rents collected. The full transcript on this phase of the case follows:

"MR. SULLIVAN: There is one other thing we ought to clear up. We joined a count for collecting the rents and not accounting. I think Mr. Bahr and I have always believed that it would depend solely upon the determination of Count I so that can just be left in abeyance by the Court altogether.

"MR. BAHR: I believe so, Your Honor.

"MR. SULLIVAN: I don't want to waive the right—

"MR. BAHR: No. We don't want you to waive that either.

"MR. SULLIVAN: But there is no sense in going into it in detail at this time until we get Count I straightened out.

"THE COURT: Depending on the ruling on Count I, wouldn't that—

"MR. SULLIVAN: More or less the amount is pretty well determined by this time.

"MR. BAHR: I believe the amount is less than a thousand dollars, Your Honor.

"MR. SULLIVAN: Nine hundred twenty-seven, whatever the interest—

"MR. BAHR: I don't think either side is going to pursue that. They may.

"MR. SULLIVAN: Your Honor, while we are waiting, I just might read that into evidence from the interrogatories to the defendant.

"I will offer in evidence Interrogatories 1(a), 1(b), 1(c), and 1(d), without reading them in detail, from the Plaintiff to the Defendant, which asked if there had been any rentals collected, and the answers were made that there had been a lease with Mr. Carl Parretta and Mr. Dominick Parretta, and that the total sums collected under that lease by the Defendant City was $827.38, as shown on the interrogatories, and I will just,

with that statement of the evidence of that, let it ride

"MR. BAHR: No objection on that, Your Honor."

In the judgment entry the court recited that plaintiff "adduced evidence in support of its Petition and that the Defendant has adduced evidence in support of its Answer [which admitted leases and rental arrangements; admitted that defendant had not accounted to plaintiff for crops and rentals; denied plaintiff's right to an accounting thereof and denied any indebtedness to plaintiff for crops or rentals], and the Court having examined the pleadings and having heard the evidence and the statements of counsel, and being fully advised herein, DOES ENTER ITS JUDGMENT * *" (finding the issues for plaintiff and against defendant and that plaintiff is the owner in fee simple of the land (described); that defendant has an easement for levee purposes; that defendant has no other right, title or interest in the real estate and is barred, precluded and estopped from claiming and asserting any other right, title and interest therein, and assessing the costs against defendant).

■ A court, ever mindful of its jurisdiction, must determine whether or not a final judgment has been appealed from, regardless of whether the issue has been raised by the parties. Deeds v. Foster, Mo.Sup., 235 S.W.2d 262, 265[4]; Hance v. St. Louis-San Francisco R. Co., Mo.App., 283 S.W.2d 879, 880. The right of appeal is purely statutory and when the statutes do not give such right, no right exists. Dudeck v. Ellis, Mo.Sup., 376 S.W.2d 197, 204[2]; Civil Rule 82.01, V.A.M.R.; § 512.020, RSMo 1959, V.A.M.S. Section 512.020, RSMo 1959, V.A.M.S., provides for an appeal "from any final judgment in the case" and from certain other orders and judgments not here pertinent. Section 511.020, RSMo 1959, V.A.M.S., defines a judgment as " * * * the final determination of the right of the parties in the

action." In Dudeck v. Ellis, supra, 376 S.W.2d, l.c. 204, this Court said: "For the purposes of an appeal a judgment must be a final judgment and it must ordinarily dispose of all parties and all issues in the case, unless the trial court has ordered a separate trial of any claim or issue, or has specifically designated the particular judgment as a final judgment for the purposes of appeal. Stith v. St. Louis Public Service Co., 363 Mo. 442, 251 S.W.2d 693, 695[2], 34 A.L.R.2d 972; Magee v. Mercantile-Commerce Bank & Trust Co., 339 Mo. 559, 98 S.W.2d 614, 616; Supreme Court Rules 74.01 and 82.06; § 511.020 RSMo 1959, V.A.M.S. If no such final appealable judgment has been entered by the trial court the appeal is premature and must be dismissed. Deeds v. Foster [Mo.Sup., 235 S.W.2d 262]. Our statute does not allow parties to appeal piecemeal, nor does it permit them to bring up only part of the issues in a case while all other issues remain undecided. There is an exception to this rule, however, as stated, where the trial court has expressly ordered a separate trial of a particular claim or issue.

"Since it appears from the record presented in this case that the trial court did not order a trial of the quiet title counts separate and apart from all of the other counts stating causes of action in ejectment and for trespass to real estate, the judgment entered on the quiet title counts is not a final appealable judgment. In such case the trial judge should have held the verdicts of the jury on the quiet title counts in abeyance until a final judgment could be entered disposing of the whole case, including the other counts stating causes of action."

■ No order for separate trials of Counts I and II was made. No order specifically designating the judgment entered a final judgment for the purposes of appeal was entered. The issues under Count II remain unresolved. The appeal is premature and must be dismissed.

■ This situation is not novel. It arose recently in Dudeck v. Ellis, supra, and in Bays v. Lueth, Mo.Sup., 323 S.W.2d 236. In Dudeck v. Ellis plaintiff brought suit in seven counts, two of which stated causes of action to quiet title, others of which were in ejectment. The judgment disposed of the quiet title counts but did not dispose of the counts in ejectment. The appeal was dismissed as premature. In Bays v. Lueth the petition was in two counts, (1) to quiet title and (2) in ejectment. Both counts were tried to the court in one hearing and a judgment responsive to Count I but ignoring Count II was entered. We stated the rule that for a judgment to be final and appealable it must dispose of all parties and all issues and leave nothing for future determination; that the purpose of the general rule is to prevent the piecemeal presentation of cases on appeal, or in detached portions; that there is an exception where separate final judgments are expressly ordered, and quoted from Pizzo v. Pizzo, 365 Mo. 1224, 295 S.W.2d 377, l.c. 380, as follows: "With regard to non-jury trials, the rule [1] clearly gives the court discretion to order a separate judgment on the separate non-jury trial of a claim and provides such separate judgment shall be deemed a final judgment for the purposes of appeal. Carr, Missouri Civil Procedure, Vol. II, Sec. 860, p. 47. The discretion to 'order a separate judgment' is a discretion to be exercised by the trial court and not by the appellate court. * * *" The court concluded as follows, 323 S.W.2d, l.c. 237: "Since the record presented here fails to show a judgment disposing of the issues presented by the second count of the petition or any order of the court for a separate trial of the first count, no final, appealable judgment has been entered in the cause and defendant's appeal is premature and must be dismissed [citing four cases]." That portion of Rule 3.29 referred to in Pizzo has been amended. The pertinent portions of the amended rule, renumbered 82.06, follow: "When a separate trial is had before the court without a jury of claims arising out of the same transactions, occurrences or subject matter as the other claims stated or joined in the case the judgment entered shall not be deemed a final judgment for purposes of appeal within the meaning of Section 512.020, Revised Statutes of Missouri, unless specifically so designated by the court in the judgment entered. However, when a separate trial is had before the court without a jury of an entirely separate and independent claim unrelated to any other claims stated or joined in the case, then the judgment entered shall be deemed a final judgment for purposes of appeal within the meaning of Section 512.020, Revised Statutes of Missouri, unless the court orders it entered as an interlocutory judgment to be held in abeyance until other claims, counterclaims or third-party claims are determined. In any case (jury or nonjury) when a separate final judgment is entered the court may stay its enforcement until other or all final judgment in the cause are entered and may prescribe such conditions as are necessary to secure and protect the relative rights of all parties; provided, however, any such stay shall not affect the right of appeal." In this case there was no separate trial "of claims arising out of the same transactions, occurrences or subject matter as the other claims stated or joined in the case" and there was no separate trial "of an entirely separate and independent claim unrelated to any other claims stated or joined in the case." Nor was there any order specifically designating the judgment entered as final for the purposes of appeal. No exception to the general rule that a judgment to be final and appealable must dispose of all issues in the case is to be found here and therefore the appeal is dismissed as premature.

WELBORN and HIGGINS, CC., concur.

1. Then Civil Rule 3.29.

PER CURIAM.

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

All of the Judges concur.