Joseph T. SINOPOLE, Patricia W. Sinopole, Plaintiffs-Appellants,

v.

Hugh O. MORRIS, Winnie M. Morris, Estelle C. Pezold, Defendants-Respondents.

No. 52063.

Missouri Court of Appeals, Eastern District. Division Four.

Aug. 18, 1987.

Kennard Bruce Woods, Richard M. Stout, Chesterfield, for plaintiffs-appellants.

Dan B. Dildine, G. John Richards, Troy, for defendants-respondents.

STEPHAN, Judge.

Plaintiffs Sinopole sued defendants Morris, neighboring landowners, seeking in Count I of their three-count petition quiet title to land along their northern border that defendants claimed as their own. In Count II, plaintiffs sought damages for defendants' alleged trespass on a fifty foot strip of land all parties concede plaintiffs own. In Count III, plaintiffs sought an injunction barring defendants' use of the fifty foot strip of land.

In a separate action, plaintiff Joseph Sinopole sued defendant Hugh Morris for malicious prosecution. This action was ordered consolidated for trial with plaintiffs' other claims. Defendants counterclaimed, requesting quiet title and damages for trespass on the disputed boundary.

The circuit court granted plaintiffs the prayed-for injunction, directed verdicts for defendants on plaintiffs' trespass and malicious prosecution claims, directed a verdict for plaintiffs on defendant's counterclaim for trespass, and took defendants' counterclaim for quiet title under advisement pending the outcome of a land survey. Plain-

tiffs appeal. We dismiss the appeal without prejudice as premature.

The right to appeal is purely statutory; if a statute does not confer the right, no right exists. *Kansas City Power and Light Co. v. Kansas City*, 426 S.W.2d 105, 107 (Mo.1968). § 512.020, RSMo 1986, permits appeals from certain orders not pertinent here, and "from any final judgment in the case." A final judgment is one that disposes of all parties and all issues, leaving nothing for future determination. *Afshari Enterprises Inc. v. Venz*, 689 S.W.2d 846, 847 (Mo.App.1985).

Defendants' counterclaim for quiet title remains pending before the trial court. Thus, it cannot be said the judgment from which plaintiffs appeal has disposed of all parties and all issues. Nevertheless, plaintiffs assert the judgment, insofar as it purports to dispose of their trespass and malicious prosecution claims, is appealable. They base their argument on these provisions of Rule 81.06:

> [W]hen a separate trial is had before the court without a jury of claims arising out of the same transactions, occurrences or subject matter as the other claims stated or joined in the case the judgment entered shall not be deemed a final judgment for purposes of appeal within the meaning of Section 512.020, RSMo, unless specifically so designated by the court in the judgment entered. However, when a separate trial is had before the court without a jury of an entirely separate and independent claim unrelated to any other claims stated or joined in the case, then the judgment entered shall be deemed a final judgment for purposes of appeal within the meaning of Section 512.020, RSMo, unless the court orders it entered as an interlocutory judgment to be held in abeyance until other claims, counterclaims, or third-party claims are determined.

Plaintiffs assert judgment on their trespass claim is final for the purposes of appeal because the claim is unrelated to any other claim stated or joined in this case and the circuit court has not designated its

judgment with respect to the claim interlocutory. Plaintiffs assert judgment on their malicious prosecution claim is final because the circuit court has specifically designated it final. Plaintiffs mischaracterize the record.

The action plaintiffs would have us accept as the circuit court's final judgment on the claims in question is plainly designated in the record as "INTERLOCUTORY ORDER." Nowhere in the order does the circuit court designate its ruling with respect to any claim final for the purposes of appeal.[1] Plaintiffs' assertions that judgment on the malicious prosecution claim has been designated final and that judgment on the trespass claim has not been designated interlocutory are therefore obviously incorrect. There is no right to appeal from an order that has been designated interlocutory. See Rule 81.06 and § 512.-020, RSMo 1986.

Appeal dismissed.

GARY M. GAERTNER, P.J., and SIMON, J., concur.

---

1. The day before it entered its interlocutory order, the circuit court stated, "[I]t is the Court's intention that the order directing the verdict for the defendant on plaintiff's claim for malicious prosecution is a final order, subject to appeal." Whether the circuit court's failure to act in accordance with this expressed intent was due to oversight or change of mind is a matter we cannot resolve at the appellate level. Rule 81.06 plainly requires that the designation of a order as final shall appear "in the judgment entered." The requirement has not been met in this case.