## ATWOOD vs. LEWIS.

Action founded upon two promissory notes executed by defendant to plaintiff, payable at one and two years. Plea: that, at the time of the execution of the notes, plaintiff entered into a written agreement with defendant, that if, at the time of the maturity of the notes, it should not be convenient for the defendant to pay the same, plaintiff should wait the convenience of defendant; in consideration of which, defendant agreed to pay interest; and that it was not convenient for defendant to pay. Held, to be no bar to the action; and, that if defendant had sustained any damage, by being compelled to pay before it was commenced, he must sue upon the agreement. (McGirk Judge, dissenting on this point.)

2. The plaintiff, in his demurrer to the defendant's plea, omitted to crave oyer of the agreement, of which profert was made in the plea; the circuit court permitted him to correct the mistake by interlining the demurrer. Held, that the court did not err, in this respect, as this was not amendment of the demurrer, but rather, an interlineation of a part of the record, which had been carelessly omitted before the demurrer was filed, which did no injury to the defendant, as he happened to have the instrument in court.

Appeal from the Circuit Court of St. Louis county.

*Hamilton for Plaintiff.*

1. A demurrer cannot be amended. It is believed there is but one instance on record, in which it was ever attempted. Maynard vs. Hopkins, Say 46. This is manifest upon principle. The party cannot thus be permitted to change under or depart from the grounds of demurrer as originally taken. An improper grant of oyer does not affect a case in which it is granted. Wright's Reports 10. The oyer furnished has not been made an available feature in the record, as it does not appear on the face of the plaintiff's own pleading, 1 Chitty, 468. It being accidentally incorporated into the record does not make it a part of the pleadings. The principal causes of demurrer specified, therefore, do not apply.

2. The second plea contains a good defence, Chitty on Bills, 161, 162.

3. The third plea is valid. Chitty on bills, 164. 1 Wendell, 317.

4. The plaintiff's declaration is bad, petition and summons is not the remedy. R. C. 105, Sec. 7.

5. The agreement was conditional. Kirby's Reports, 364.

It was made to depend upon the defendant's ability or convenience to pay. This must be shown. 7 Johns, 36. 17 Wendell, 419.

6. If the oyer be spread upon the record so as at all to be brought to the notice of the court, it was sufficie at to ha e shown the court that interest was not due by the contract. except upon the condition set forth. The court allowed interest in full.

7. But supposing the oyer to have been regularly ordered, and that the plaintiff had made it a part of his pleadings; the 1, 2, 3, and 4th cause of demurrer do not apply, inasmuch, as we do not proceed for the penalty under the agreement. We set forth a condition, making part of the original contract, in the one plea, and in the other, an agreement for a valuable consideration to extend the time of payment. That the performance of these is secured by a penalty, does not convert the defence into a proceeding to enforce that penalty. We show an agreement differing from that upon which the plaintiff brings suit, or so modifying or qualifying its terms as to enable us to insist that he is premature in suing for the recovery of the amount of the notes. 5. This specification does not apply, for the same reason that the plaintiff erroneously regards the defence as an effort to enforce the penalty. 6. The pleas go to the whole action, in alleging that which shows the debt is not yet due. The defendant has a right to set up the agreement by way of defence. 6 Wendell 291. 7. It is an admitted principle, that it is not sufficient merely to allege *quid duplex et caret forma*, but the point that is so must be precisely pointed out. 8. The convenience or ability of the defendant to pay is the issue tendered. If part of the contract, this must be shown. 7 Johns, 36. 17 Wendell, 419, already referred to. 9. If the pleas be contradictory and inconsistent, the statute furnishes a remedy. R. C. 459, sec. 24.

### Darby for Defendant.

In looking into the record in this case, it will be seen that the only question to be decided is, whether the circuit court erred in sustaining the demurrer to the second and third pleas of the defendant.

MAY TERM
1840.

Atwood
vs.
Lewis.

These pleas are manifestly defective on general demurrer. The second plea is defective for want of certainty as to time and amount. Stephen on pleading p. 341. Comyns Digest pleader, c. 19. Denison vs. Richardson, 14 East, p. 291. Stephen's pleading, p. 345. The plea, therefore, should have stated specifically that the plaintiff did wait with the defendant after the said notes became due, from a *certain day to be named* in the plea, to a definite period also to be named, and that the interest at six per cent on said notes amounted to a sum certain to be specified, which sum he, the said defendant, paid to the said plaintiff; for without this, there can be no traverse of the fact. Cowper's Reports, 2 vol. Carlisle vs. Keas, p. 671. 6 Term Reports, Grimwood vs. Barnett, 460.

In pleading the performance of a condition or covenant, the party must not *plead generally* that he performed the covenant or condition, but must show specifically the *time, place*, and manner of performance. Stephen's pleadings p. 382, side paging; same page 427 side paging; same 448, Comin. Digest; Pleader (E. 36.) 1 Saunders 28, N. (2.) 1 Term Reports 40. 6 Johns. 63, 2. Saunder's Rep, 127. 1 Chitty 478.

The pleas are not susceptible of any issue, and in fact, no issue material to the cause, is, or could be made to these pleas; the very object and intention of all pleadings, and without which, no plea is good. Chitty's Pleadings p. 474; 6 Johns. 63. Gould's pleading page 357. 18 Johns. Reports page 28, Hallet vs. Holms. See also 1 Chitty Pl. p. 510; 1 Saunders Reports 28, note 3.

A plea in bar of the plaintiff's action must be certain to a common intent, and direct, and positive in the facts set forth, stating them with all necessary certainty. Van Ness vs. Hamilton, 19 Johns. Rep. p. 349; 2 Condensed Reps. U. S. The U. S. vs. Gurney, page 132.

It is not a good plea for the defendant to state, that he paid a sum certain, without averring it to be the sum due. The amendment did not affect the pleas. But the granting of this amendment was no error. 1st section of 6th article of practice at law p. 467. Atwood vs. Gillespie 4 vol. Mis-

souri Decisions page 425. Wilkinson vs. Blackmel 4 vol. p. 428. Revised Code, page 459, sec 20. Statute of 1825, p. 627. Singleton vs. Mann, 3 vol. Mo. Decisions, page 464. 1 vol. Decisions of Missouri, page 318, Bellissime vs. M'Coy. McCallister vs. Mullanphy, 3 vol. Missouri Decisions, page 38. Johnson vs. White, page 223, 2 vol. Mo. Decisions. 1 vol. Miss. Reports, Simonds vs. Beauchamp, p. 589. Crump vs. Mead et. al. 3 vol. Mo. Reports page 233. 2 Condensed Reports S. C. U. S. Young vs. Breston, 98. 5 vol. cond. Rep. Tayloe vs. T. & S. Sandiford page 210.

There is no error, and the whole case seems to have been decided according to the right and justice of the cause, and the judgment of the circuit court should therefore be affirmed.

*Opinion of the Court delivered by Tompkins Judge.*

Lewis brought his action against Atwood in the circuit court of St. Louis county, where he obtained a judgment, to reverse which Atwood appeals to this court.

The action is founded on two notes, the one dated the 24th May, 1836, for $1023 33, payable two years after date, the other, for the same sum, payable three years after date.

The defendant pleaded three pleas: 1st, nil debet; 2d, that at the time he executed the said notes, and before the delivery thereof to the plaintiff, he, the said plaintiff, stipulated and agreed with the said defendant, by a written instrument of the same date with the said notes, of which profert is made, that if, at the time of the maturity of the said notes, it should not be convenient for the defendant to pay the same, the plaintiff would wait the convenience of the defendant to pay; in consideration of which, the defendant also, by said agreement, promised to pay the plaintiff at the rate of six per cent per year upon the amount of the said notes, for such time as the said plaintiff should wait for the payment of the said notes after they should fall due, which interest the defendant avers he has paid; and that when the notes became due, it was not convenient for him to pay the same, &c.

The third plea is the same as the first, except, that it is averred, that the agreement was entered into after the execution and delivery of the two notes. The plaintiff demurred to the second and third pleas; and on a subsequent day,

MAY TERM
1840.

Atwood
vs.
Lewis.

he obtained leave to amend his pleadings, in the case, by craving oyer of the instrument of which profert was made. The agreement is, that whereas the said Atwood has executed his three promissory notes to the said Lewis at one, two, and three years, for the payment each of $1023 33; and whereas said Atwood has secured to said Lewis the payment of said notes, by mortgage on real estate, the said Lewis agrees that at the time of the said notes falling due, if it is not convenient for said Atwood immediately to pay the same, that he, the said Lewis, will wait the convenience of the said Atwood; and in consideration thereof, the said Atwood agrees to pay the said Lewis interest at the rate of six per centum, upon the amount of the notes, for such time as the said Lewis may wait for the payment, after they become due, &c. The pleas, it, perhaps, may be necessary to observe, each contained an averment that when the notes became due, it was inconvenient to the defendant to pay, and still continued to be so, at the time when, &c. The counsel for the defendant relies on the case of Miller and others vs. Holbrock, 1st Wendel 317, to sustain the second and third pleas. In that case the action was assumpsit on a promissory note for $1093, and it also contained a count for goods sold and delivered: plea, general issue. On the trial of the cause, after proof of making the note, the defendant offered to prove, that previous to the note becoming due, it was agreed by the plaintiffs to extend the time of payment, in consideration of the defendant agreeing to pay $200 when the note should fall due, and giving his note for the balance; that the defendant, when the note did become due, did pay to the plaintiffs the sum of $200, and offered his notes for the balance, pursuant to the agreement; that the plaintiffs took the money, but refused to accept the notes; that the defendant then required of the plaintiffs to return the money, which they refused to do, and commenced this suit. The court said, the bill of exceptions is frivolous, and the plaintiffs are entitled to judgment. The court go on then to say, that in Keating vs. Price, the defendant was allowed to avail himself of such an agreement, but it is to be presumed that in that case, it appeared that the promise to enlarge the time

of performance, was founded on a good and sufficient consideration, and none such appeared in that case. For any thing decided in that case we are left free to decide this case on its merits, as they present themselves to our own discretion. The defendant, in the cause before this court, assumes to pay the notes on a given day, and the plaintiff enters into another agreement with the defendant to wait with him, if, when the notes became due, he shall not find it convenient to pay, the defendant paying interest.

It is impossible for the plaintiff ever to prove when it may suit the convenience of the defendant to pay, and if he be a dishonest man, he will never admit that it suits his convenience to pay. It is most evident, that the plaintiff did not, by that agreement, intend to give the defendant his lifetime to pay the money in; and he has no means afforded him to prove that it is convenient for the defendant to pay. The defendant then must pay the money according to the terms of the notes, and if he has sustained any damage, by being compelled to pay before it was convenient for him to pay, he must sue on the contract, and have a jury to ascertain the damages which he may have sustained by reason of being compelled, in this action, to pay the amount of those notes, when it was inconvenient to do so. The jury are the only tribunal to find the fact of inconvenience, and the amount of damages sustained in consequence of this inconvenience.

The defendant objected to the leave given by the court to the plaintiff to amend the pleadings by craving oyer, contending, that a demurrer cannot be amended, and that having failed to crave oyer before he demurred, the plaintiff could not afterwards come in and crave oyer. He excepted to this decision of the court, in granting leave to amend by having oyer of the instrument of which the defendant in his plea had made profert. If any testimony had been given on the occasion, to be preserved in the bill of exceptions, the statute directs the party how to proceed to get the bill before this court, even when the circuit court refuses to sign his bill. He must procure it to be signed by three by-standers, &c.; if then the court refuse him leave to file, because it

Action founded upon two promissory notes executed by defendant to plaintiff, payable at one and two years. Plea, that at the time of the execution of the notes, plaintiff entered into a written agreement with defendant, that if, at the time of the maturity of the notes it should not be convenient for defendant to pay the same, plaintiff should wait the convenience of def't; in consideration of which, defendant agreed to pay interest; and that it was not convenient for defendant to pay. Held, to be no bar to the action; and, that if defend't had sustained any damage, by being compelled to pay be-

is untrue, he may, take affidavits, and file them with the clerk. The court does not say that the facts stated in the bill of exceptions are untrue, but that they already appear on the record in the history of the cause, which it is the duty of the clerk to keep in his book. This is clearly my opinion,

fore it was convenient, he must sue upon the agreement. (McGirk J. dissenting on this point.)

and if I even happen to be mistaken in that, the defendant already has his bill of exceptions legitimately before this court, for by the 23d section of the fourth article of the act to regulate practice at law, every court, to which an appeal or writ of error is taken, shall admit, as a part of the record of the cause, every bill of exceptions taken therein, upon its appearing satisfactorily to such court that the truth of the case is satisfactorily stated in such bill, &c. After the plaintiff had demurred to the pleas without craving oyer, the de-

The plaintiff, in his demurrer to the defendant's plea, omitted to crave oyer of the agreement, of which profert was made in the plea; the circuit court permitted him to correct the mistake by interlining the demurrer: held, that the court did not err, in this respect, as this was not an amendmt of the demurrer, but, rather, an interlineation of a part of the record, which had been carelessly omitted before the demurrer , was filed, which did no injury to the defendant, as he happened to have the instrument in court.

fendant could not be supposed to keep the instrument set out in those pleas in court for the convenience of the plaintiff; but he did keep it, and if he had sustained any damage by being compelled to produce it, and set it out on the record, it was damnum absque injuria, a damage of which the law makes no account. But it is not contended that the aspect of the cause is changed by making that instrument a part of the record. No reason then is seen why a mandamus should go to the circuit court to make that bill of exceptions a part of the record. It is true, as the defendant contends, that a demurrer cannot be amended; it is because a demurrer cannot be demurred to. I do not, however, understand, that craving oyer of the demurrer is an amendment of the demurrer; it is rather an interlineation of a part of the record, which had been carelessly omitted before the demurrer was filed, which could do no injury to the defendant, as he happened to have the instrument in court. The circuit court then, in my opinion, committed no error either in sustaining the demurrers to the second and third pleas, or in allowing the plaintiff to have oyer of the instrument, of which profert was made in the defendant's plea. Its judgment is therefore affirmed.

### McGirk Judge.

On the last point I concur. But on the question of the effect of the covenant, I rather think it amounts to a release of

action, and let the plaintiff proceed to foreclose his mortgage. See 2d Bac. Abr. 348, title covenant.

*Napton Judge.*

I concur in affirming the judgment—on the ground that the covenant here pleaded in bar did not amount to a release, and consequently could only be the ground of a separate action.