MAY TERM.
1842.

MAUPIN & JAMESON, impleaded with BOON, v. SMITH.

Maupin & Ja-
meson, imp'd.
with Boon,
v.
Smith.

In suit by assignee of a note payable "without defalcation," but not negotia‑
ble like an inland bill of exchange, for want of the words "negotiable
and payable," the payor cannot plead a set-off, though he may plead a
total failure of consideration.

Error to Franklin Circuit Court.

POLK for Defendant.

*Opinion of the Court, delivered by Scott, Judge.*

William Smith, as assignee of James Norfolk, brought suit
against Maupin, Jameson, &c., on the following promissory
note :

Six months after date we and each of us promise to pay
James H. Norfolk, or order, $1286.10, without defalcation,
for value received.

• WALTER C. MAUPIN,<br>WM. JAMESON,<br>SYDNEY S. BOON,

The note was assigned to Smith, the plaintiff. The de-
fendants, amongst other things, set up as defence to the ac-
tion, a total failure of consideration, and a set-off due by the
payee to one of the defendants before the assignment. De-
murrers were entered to the pleas containing these several
defences, and the demurrers sustained. Judgment was ren-
dered against the defendants below.

The note sued on could not be negotiated like an inland
bill of exchange, within the meaning of the 6th section of
the act concerning bonds and notes, for want of the words
negotiable and payable. (See 6 Mo. R., Austin and Haines
v. Blue.)

According, however, to the case of Waddle v. Collins, 4
Mo. R., 452, the note described in the petition is within the
fourth section of the act above mentioned, it being payable
without defalcation, consequently the makers are not allow‑
ed any set-off against the assignor.

But the third section of the same act declares that the de-

In suit by as-
signee of a
note payable
"without de-
falcation," but
not negotia-
ble like an in-
land bill of

fence of the maker shall not be changed by the assignment, but he may make the same defence against the note in the hands of the assignee, that he might have made against the assignor. The defence of a total failure of consideration or want of consideration, set up by the maker was allowable under this section, and the court erred in sustaining a demurrer to the plea in which such defence was contained.

There was no error in the court in refusing to quash the writ on account of the variance between it and the declaration, and in permitting an amendment. Jones v. Cox, 7 Mo. R. 174. Judgment reversed.

MAY TERM. 1842.

Maupin & Jameson, imp'd. with Boon,
v.
Smith.

exchange, for want of the words "negotiable and payable," the payor cannot plead a set-off, though he may plead a total failure of consideration.