## MAGUIRE vs. CONRAN.

Where a note is not negotiable, within the meaning of the sixth section of the act concerning bonds and notes, (R. S. 1835, p. 105,) for want of the words, "negotiable and payable," the nature of the defence of the maker is not changed by the assignment, although the note may purport to be payable "without defalcation."

ERROR to St. Louis Court of Common Pleas.

Hamilton, *for Plaintiff in Error.*

1. The statute excludes this defence.— R. L., 105, sec. 4; Green's N. I. Rep., p. 1; 4 Halstead, 130, 134, under a similar statute.

2. The plea is not good. It is not a plea of no consideration, for one is shown: it is not a valid plea of a failure of consideration, for that, such as it was, was executed. It amounts simply to a partial failure only, if any thing, for the party has still the use and possession of what he purchased. It does not aver that the party had no right whatever, nor does it set out such facts as that, if judgment be given for the defendant on this plea, it would entirely bar an action by him against

the payee, on the implied warranty of title. This is essential to a plea impeaching the consideration of a note on the ground of want of title to the thing which constitutes the consideration. For aught that appears from said plea, Moore, himself, may well be the owner in fee of the land, or, at all events, may since have acquired full right to quarry, &c. This case falls within the rule established in 1 Mo. Rep., 414, there being a warranty, no intimation of fraud, the party still being in possession and use of what he purchased, &c. — 5 Monroe, 293; 5 Littell, 249; 3 J. J. Marshall, 113; 1 A. K. Marshall, 177; 2 Wheaton, 13; 3 Ohio Rep., 285.

GAMBLE *and* BATES, *for Defendant in Error*.

The action was brought by Maguire against Conran by petition in debt, on a promissory note made by Conran to Robert N. Moore, and by him assigned to Maguire.

The note was not negotiable according to the terms of the statute, not having the words "negotiable and payable," but it was to be "paid without defalcation."

Conran pleaded that the sole consideration for the note was, that Moore, the payee, sold and assigned to Conran a license and right to quarry stone on certain lands belonging to the estate of John Mullanphy; Moore affirming that he had a good and sufficient license to quarry stone on the land, and good right to sell and assign the said license to Conran. The plea avers, that Moore had no such valid license, nor any power to authorize Conran to quarry stone on the land, but that Conran was responsible to the owners of the land as a trespasser, for quarrying stone under said pretended license.

Maguire demurred to the plea; the court overruled the demurrer, and gave judgment thereon for Conran. This writ of error is prosecuted, to reverse the judgment.

The plea is a plea of total failure of consideration, and such plea is good to the note sued on. — Maupin and Jamison *vs.* Smith, 7 Mo. Rep., 402.

TOMPKINS, *Judge, delivered the opinion of the Court.*

John Maguire sued James Conran in the Court of Common Pleas, and judgment being there given against him, he now prosecutes his writ of error to reverse that judgment.

The suit was brought on a note made payable to the order of Robert N. Moore, for value received, without defalcation or discount, and the note was assigned to Maguire by the payee.

The maker of the note pleaded that the note in the petition mentioned was made and given by the defendant to the said Moore, for the sole consideration that the said Moore, at, &c., did sell and assign to the defendant a certain license and right to quarry rock in and upon certain land, &c., which belonged to the estate of the late John Mullanphy; and the said Moore then and there affirmed that he had a good and sufficient license to quarry stone in and upon said land, and a good

right to assign and sell such license, so as to authorize the said defendant to quarry stone there; and the defendant then averred, that at the time said Moore had no sufficient license, &c., as aforesaid.

The plaintiff demurred to the plea, and judgment in the demurrer being for the defendant, the question is, Did the Court of Common Pleas commit error in sustaining the demurrer?

The note is not negotiable under our statute.— See the act concerning bonds and notes, sec. 6, p. 105, of the Digest of 1835.

Therefore, the nature of the defence not being changed by the assignment of Moore to Maguire, the demurrer was properly overruled.— See third section of the same act above-cited; see, also, 7 Mo. Rep., 402, Maupin and Jamison *vs.* Smith.

The judgment of the Court of Common Pleas will, then, be affirmed.