HUDSON E. BRIDGE, JOHN N. BEACH, AND LEONARD B. HOL-
LAND, Defendants in Error, *v.* CHARLES TIERMAN, Plaintiff
in Error.

*Action—Contract not to sue—Answer.*—A covenant or agreement not to sue
upon a claim, cannot be pleaded in bar of the prosecution of an action
upon such claim. The remedy of the party is by an action upon the cov-
enant or agreement. An answer setting up an agreement not to sue, pre-
sents no defence to an action.

### *Error to St. Louis Circuit Court.*

*Davis & Evans*, for plaintiff in error.

I. The court erred manifestly in giving judgment for the
plaintiffs below after it had continued the cause, no motion
being made to set aside the continuance.

II. The answer of the defendant below stated a good de-
fence to the prosecution of the action; for, although it is
true that a covenant not to sue for a limited time has been
held not to constitute a *bar*, yet there is no reason to say
that such a covenant cannot be pleaded in abatement, to an
action brought within the time named in the covenant.
(Clopper's Adm'r v. The Union Bank, 7 Harris & Johnson,
103; Cuff et al. v. Penn, 1 Maule & Sel. 21; Raymon v.
Fisher et al., 6 Mo. 29; Gerard et al. v. Whiteside, 13 Ill.
7; 3d Tenn. 590; Atwood v. Lewis, 7 Mo. 395.)

*Krum & Decker*, for defendants in error.

The only defence contained in the answer is the promise
made by plaintiff, that he would not sue until the termina-
tion " of the present civil war between the United States and
the Confederate States." If this be a valid promise and the
defendant has been injured by its breach, he may still have
his action against the plaintiff, but it constitutes no defence
to the note. The agreement to forbear is for an indefinite
time—evidently a sham defence. (6 Mo. 392; 7 Mo. 462.)

WAGNER, Judge, delivered the opinion of the court.

In Atwood v. Lewis (6 Mo. 392) and Bircher v. Payne (7 Mo. 462) this court decided that where a person gives his promissory note payable at a certain time, and the payee executes an instrument of writing that at the maturity of the note, on the happening of certain contingencies, he will extend the time of payment and forbear the collection of the money, that the happening of the events or contingencies mentioned in the writing will be no defence to the prosecution of a suit founded on the note; but that if the defendant is injured by the breach of covenant, he must resort to his action for damages.

The only thing that distinguishes those cases from the present one is, that the agreements that were there sought to be set up in defence were in writing, whereas it appears here that the agreement or understanding between the parties was merely verbal.

The court committed no error in giving judgment notwithstanding the answer, as, for aught that appears in the record, the defence would have been wholly inadmissible in evidence. No exceptions were taken or saved to the action of the court in overruling the motion for a continuance, and there is no error apparent on the record for us to notice.

The judgment will be affirmed. Judge Holmes concurs; Judge Lovelace absent.