CITIZENS BANK OF POMONA, Respondent, v. P. M. MARTIN AND LULIE MARTIN, Appellants.

Springfield Court of Appeals, May 5, 1913.

1. **JUDGMENT: BY DEFAULT: Setting Aside: Requirements for.** The setting aside of a judgment by default is addressed to the sound discretion of the trial court and to justify that court in setting aside such judgment the defendant must show (1) that he had good reason for the default, and (2) that he

has a meritorious defense; and both of these things must appear so clearly as to make it manifest that the refusal of the trial court was arbitrary.

2. **PROMISSORY NOTE: Liability on a Condition Only: Cannot Establish by Parol Evidence.** Parol evidence is not admissible to show that the maker of a note, which purports to be payable absolutely, only promised to pay on condition.

3. **JUDGMENT: By Default: Vacating: Proposed Defense Must be Meritorious.** A default judgment was entered against the defendants on certain promissory notes, payable absolutely, Five days thereafter a motion was filed to set aside same because of the illness of defendants' attorney at the time of hearing the case. Accompanying this motion was the answer of the defendants which set up as a defense to the notes an oral agreement at the time the notes were made to the effect that defendants were to have the use of the borrowed money until they could fatten certain hogs, to purchase which the money was borrowed. And that it was orally agreed at that time that the plaintiff bank should advance such additional sums of money as the defendants might need to purchase feed for the hogs until time for marketing same, which the bank refused to do; and except for such promises and agreements, defendants would not have borrowed the money or executed the notes in question. *Held*, that such answer did not show a meritorious defense to plaintiff's action and that the action of the trial court in refusing to set aside the default judgment was proper.

Appeal from Howell Circuit Court.—*Hon. W. N. Evans*, Judge.

AFFIRMED.

*J. N. Burroughs* for appellant.

(1) The party cannot raise the defense of the Statute of Frauds where he has not pleaded it. Scharrff v. Klein, 27 Mo. App. 549; Hobart v. Murry, 54 Mo. App. 249; Hackworth v. Zeitinger, 48 Mo. App. 32. (2) The objection to the contract that it is within the Statute of Frauds cannot be raised by demurrer. Sherwood v. Sexton, 63 Mo. 78. (3) The statute only applies to promises made to the creditor and not to promises made to the debtor by the creditor. Howard

v. Coshow, 33 Mo. 118; Green v. Estes, 82 Mo. 337. (4) We do not see any provision of the Statute of Frauds that would require a contract set up in the answer to be in writing. If there were such provision the court took the matter upon itself to raise the question. It was not even raised by motion to strike out the pleading and motion tendered by defendants. There was not even an objection offered against it. We know of no rule that would permit a raising of this question by the court.

*M. E. Morrow* for respondent.

(1) A motion to vacate a default judgment filed more than four days after such judgment, is not the ordinary motion for a new trial, and cannot be so treated. Harkness v. Jarvis, 182 Mo. 235. (2) The action of the trial court on a motion to vacate a default judgment is largely a matter of his own discretion, as is the granting of new trials generally. Bank v. Armstrong, 92 Mo. 265; Scott v. Smith, 133 Mo. 618. (3) There is no error in a trial court's refusal to vacate, on motion, a default judgment regularly entered, when it appears that defendant had no defense. Shroeder v. Miller, 35 Mo. App. 227; Bridge v. Tierman, 36 Mo. 439. (4) The answer tendered by appellants to the trial court stated no legal defense whatever to respondent's action on the promissory notes. Bircher v. Payne, 7 Mo. 462; Atwood v. Lewis, 6 Mo. 392; Bridge v. Tierman, 36 Mo. 439. (5) It would have been a senseless ceremony to have permitted appellants to file their proffered answer, as parol evidence would have been inadmissible on trial to have sustained its allegations. Because a note absolute upon its face, and complete in its terms, obtained without fraud, cannot be changed into a conditional one by parol evidence. Jones v. Jeffreys, 17 Mo. 577; Benson v. Harrison, 39 Mo. 303; Massmann v. Holscher, 49 Mo.

87; Jones v. Shaw, 67 Mo. 667; Wislizenus v. O'Fallon, 91 Mo. 184; Holloway v. Ins. Co., 48 Mo. App. 1; Keck v. Brewing Co., 22 Mo. App. 187; Higgins v. Cartwright, 25 Mo. App. 609; Reed v. Nicholson, 37 Mo. App. 646; Organ Co. v. Swartzell, 61 Mo. App. 490; Holmes v. Farris, 97 Mo. App. 305; Christian University v. Hoffman, 95 Mo. App. 488; Bank v. Reichert, 101 Mo. App. 253.

FARRINGTON, J.—This action was instituted on July 5, 1912, in the circuit court of Howell county. The petition declared on two promissory notes filed therewith, one dated November 11, 1911, due sixty days after date, for $1200, with interest at eight per cent, signed by P. M. Martin, with credits thereon which reduced the prinicpal to $367.46, and the other dated February 1, 1912, due one day after date, for $710.97, with interest at eight per cent, signed by P. M. Martin and Lulie Martin.

On the twelfth day of August, 1912, at the July term of the court, a default judgment was entered which recites that defendants were legally served with process in said action, and which gives plaintiff $375.50 on the note first described and $731 on the other. That this was proper is not disputed as defendants had filed no answer. [Secs. 2093 and 2098, R. S. 1909.] Five days thereafter, and on the last day of the term, defendants appeared and filed a motion which was sworn to by P. M. Martin, accompanied by an answer which they offered to file in the case. The verified motion sets up the following reason for their default: "Defendants had employed an attorney, Mr. Livingston, to represent them in said cause, to file answer and make defense for them; that said attorney by reason of continued illness during this term of court, had been unable to appear in court and look after their interests; that on account thereof these defendants

had made no appearance and had taken no steps to defend such action; that they had no knowledge of said conditions until after a judgment was rendered against them." It is then alleged that they have a meritorious defense, and they ask that the judgment rendered by default be set aside and that they be permitted to plead and make their defense to the action.

The answer which defendants offered to file admitted the execution of the notes, but set up the fact that the amounts evidenced by said notes were borrowed by defendants of the plaintiff under the following circumstances and conditions:

"The defendants informed plaintiff bank that they desired to borrow said sum of money for the purpose of investing in hogs to hold and feed through the winter and to put on the spring market; that they so informed the plaintiff bank, and that they would want to use said money for the purpose aforesaid until the spring following, and that they would need further sums of money with which to buy corn and feed to carry said stock through the winter and on to the spring market, and that unless they could get the use of the amount specified in said note until that time, and unless the plaintiff bank would further agree to furnish such further sums of money as defendants might need to feed and carry such stock through to the spring market as aforesaid, they would not borrow such sums as is evidenced by said notes, or make any investments in such hogs.

"Defendants further allege that the plaintiff bank then and there agreed to loan defendants said sums of money on the terms and conditions aforesaid, and further agreed to furnish defendants such further sums as might be necessary to feed and carry the stock said defendants proposed to buy through to the spring market; that in consideration of the mutual covenants, promises and agreement, as aforesaid, the defendants were led and induced to borrow the sums

of money specified in said notes, and to execute the same; that had it not been for such promises and agreement on the part of the plaintiff bank defendants would not have borrowed said sums of money and executed said notes.

"Defendants further say that they took the money thus borrowed of plaintiff bank and invested the same in hogs according to their said agreement and understanding with plaintiff bank and otherwise carried out and executed all the terms and conditions of said contract on their part; that they had a splendid lot of hogs on hand which were at the time worth less than five cents per pound on the market, but said hogs were not fatted and ready for market, being merely stockers with splendid prospects of growth to large, thrifty, fatted hogs; that at the times last mentioned defendants could have purchased corn at sixty cents per bushel on which to feed and carry said hogs through the winter, but the plaintiff bank not only refused to furnish the further sums of money thus agreed upon for the purpose of feeding and carrying said stock through the winter, but at that time—it was the fall of the year—made demand on defendants for payment of the amount already borrowed as specified in the notes sued on herein.

"Defendants further say that by reason of the breach of the contract as aforesaid on the part of the plaintiff aforesaid, that is, the failure and refusal of plaintiff bank to furnish defendants money to carry said stock through the winter and by reason of their demand of payment of the amount already loaned to defendants as aforesaid contrary to the agreement and understanding, the defendants were obliged thus in the fall of the year while their hogs they had purchased and had on hand were unfatted and merely growing stockers, and while they were low on the market as aforesaid and while feed was yet cheap as aforesaid, to sell and dispose of said hogs in order to meet the

demands of the plaintiff bank for payment of said notes, which resulted in great loss and sacrifice to defendants; that had they been permitted to keep the said hogs until the following spring, and had they been furnished the money to buy feed in the fall while it was cheap, all of which had been agreed upon and contracted between plaintiff bank and these defendants, should have been done, the growth on said hogs and the increase of weight that would have resulted by keeping them until the following spring, together with the increase in price from the fall to the spring market of three cents to four cents per pound on hogs of the kind and character in question, would have netted to these defendants more than $1000 over and above the amount they realized on said hogs at the time and under the circumstances under which they were forced to sell by plaintiff bank.

"Wherefore, defendants say that they have been damaged in the sum of fifteen hundred dollars, for which said sum they pray judgment against plaintiff and for costs of this action."

The court refused to vacate the default judgment, and the case is here on defendants' appeal.

It has been held from the earliest times in this State that the setting aside of a judgment by default is addressed to the sound discretion of the trial court, and that to justify a trial court in setting aside such judgment, the defendant must show (1) that he has good reason for the default, and (2) that he has a meritorious defense, and that both of these things must appear so clearly as to make it manifest that the refusal of the trial court was arbitrary. [Parks v. Coyne, 156 Mo. App. l. c. 391, 137 S. W. 335, and cases cited; Colter v. Luke, 129 Mo. App. l. c. 707, 108 S. W. 608.]

Concerning the reason for a default, the courts have been and will ever be very lenient in the case of illness. [Scott v. Smith, 133 Mo. l. c. 624, 34 S. W. 864;

Martin v. Tobacco Co., 53 Mo. App. 655; Stout v.
Lewis, 11 Mo. 438.]

But the bill of exceptions expressly shows that the
trial court did not base its ruling on the ground that
defendants' attorney had been in any way neglectful
of their interests, but plainly states that the court
based its refusal to permit defendants to file their an-
swer on the ground that the matters and things set
forth therein did not constitute a defense to plain-
tiff's action under the law. In this, we agree.
[Bircher v. Payne, 7 Mo. 462; Atwood v. Lewis, 6 Mo.
392; Bridge v. Tiernan, 36 Mo. 439.] Parol evidence
is not admissible to show that the maker of a note,
which purports to be payable absolutely, only promised
to pay on condition. [Jones v. Jeffries, 17 Mo. 577;
Massmann v. Holscher, 49 Mo. l. c. 88, 89; Jones v.
Shaw, 67 Mo. 667; Wislizenus v. O'Fallon, 91 Mo. 184,
3 S. W. 837; Kessler v. Clayes, 147 Mo. App. l. c. 98,
99, 125 S. W. 799.] These authorities are conclusive
and appellants have nothing in their brief which in
any way diminishes their force.

Even if defendants have a cause of action grow-
ing out of plaintiff's violation of its alleged agreement
to furnish more money to defendants or not to sue
on these notes when they became due, such cause of
action is an independent one and is not a defense to
the notes. The judgment on the notes decides nothing
as to such claim, and the trial court was not bound to
set aside the judgment in question in order to permit
defendants to avail themselves of an independent
claim not going to a defense on the notes. All con-
cur.