GERMAN AMERICAN BANK, plaintiff in error, v.
GEORGE W. CRAMERY, defendant in error.

**Kansas City Court of Appeals, November 23, 1914.**

**WRIT OF ERROR: Notice: Excuse: Good Cause.** Where a losing
party in the trial court sues out a writ of error and mails
a written notice of it to the attorney of the successful party in
ample time to reach said attorney before the last day for
notice, but it is not received by the latter; this is "good cause,"
in the sense of the statute, for not having given the notice as
required by Sec. 2071, R. S. 1909.

Error to Macon Circuit Court.—*Hon. Nat. M. Shelton.*
Judge.

MOTION TO DISMISS WRIT OF ERROR OVERRULED AND CAUSE
CONTINUED.

*Nat. M. Lacey* and *Hostetter & Haley* for defend-
ant in error.

*T. L. Anderson* and *R. S. Mathews & Sons* for
plaintiff in error.

ELLISON, P. J.—Plaintiff's action was instituted
on two promissory notes. The judgment in the trial
court was for the defendant. Afterwards plaintiff ap-
pealed to this court and then dismissed the appeal,
and, on the 28th of January, 1914, sued out a writ of
error returnable the 2nd day of March thereafter. De-
fendant has filed a motion to dismiss the writ for fail-
ure to give him twenty days' notice before the return
day, as required by section 2071, Revised Statutes 1909.
Plaintiff resists the motion. The following is made
to appear in affidavits of the attorneys in the cause.

The suit was brought in Marion county and the
venue changed to Macon county where it was tried.

Defendant's chief counsel resided in Bowling Green, Pike county, perhaps seventy-five miles from Macon City where plaintiff's attorneys reside. In addition to defendant's chief counsel, he had local counsel at Macon City. On the 5th of February, 1914, plaintiff's attorney mailed a written notice of suing out the writ of error to defendant's attorney at Bowling Green, accompanied by a letter requesting him to enclose the same to the clerk of this court at Kansas City. Plaintiff's attorney supposed the notice was received and sent to the clerk as requested, but, in fact, the notice was never received by defendant's attorney. Being mailed on the fifth we can judicially notice that, in regular course, it should have been in the hands of defendant's attorney on the next day, the sixth, or if, perchance, mailed at Macon too late on the fifth to arrive in Bowling Green and be distributed before the close of business hours the next day, it, at farthest, should have been received on the seventh, which would have been in time for the legal notice, with three days to spare.

The statute aforesaid, requires that, "If such notice be not served, the writ shall be dismissed, unless good cause for such failure be shown;" and we are of the opinion that the foregoing facts disclose a good cause. The motion to dismiss will therefore be overruled.

Defendant, perhaps in reliance upon his motion, has not filed any briefs and the cause will be continued to the next term, and in the meantime he may file briefs as though the case had been originally docketed for that term.

The other judges concur.