JOHN O'BRIEN BOILER WORKS COMPANY, Respondent, v. HOME BREWING AND ICE COMPANY, Appellant.

**Springfield Courts of Appeals, April 14, 1915.**

1. **JUDGMENTS: Default Judgments: Motion to Vacate: Should Contain What.** A party seeking to have a default judgment set aside should accompany the motion therefor with the pleading containing the defense it is desired to interpose, unless the motion itself contains allegations of the facts constituting such defense, otherwise the court cannot determine whether such defense is meritorious.

2. ———: ———: ———: **When Not Entitled to Vacation.** The refusal to vacate a default judgment was not error where a defense or counterclaim was not interposed because of defendant's own negligence.

Appeal from Jasper County Circuit Court, Division Number Two—*Hon. J. D. Perkins,* Judge.

AFFIRMED.

*J. W. McAntire* for appellant.

(1) The attorneys for defendant abandoned the defense of the cause without notice to such client. Un-

der such circumstances, even though there was a mistake between the client and the attorneys as to the construction of the letter written by defendant's president, the rule is that a judgment by default should be set aside and a new trial granted providing the defendant has a good defense. Hall v. McConey, 152 Mo. App. 1. (2). Where a good defense is shown and a reasonable excuse for delay is shown, the judgment should be set aside and a new trial granted. Roden v. Transit Co., 207 Mo. 392; Davidson v. Carp, 139 Mo. App. 154; Hall v. McConey, 152 Mo. App. 1.

*Mercer Arnold* and *Leahy, Saunders & Barth* for respondent.

(1) The averment in the motion that appellant has been advised that it has a meritorious defense, is not a compliance with the statute which requires that such defense be set forth in the petition; that the facts constituting the defense must be stated in order that the court may determine whether or not such facts constitute a good defense. Sante Fe Car Icing Co. v. Kemper et al., 166 Mo. App. 613, 618; Pry v. Railroad, 73 Mo. 123; Lecompt v. Walsh, 4 Mo. 557. (2) Before a party can have a judgment against him set aside on a motion of this character he must, in addition to a showing of meritorious defense, prove that his neglect of the case arose through no fault of his own. Jones v. Railroad, 170 S. W. 425; Hoffman v. Loudon, 96 Mo. App. 184, 189. (3) A litigant who elects to change attorneys during the course of litigation must suffer by the result if he is not careful to see that no misunderstanding arises. Welch v. Maston, 98 Mo. App. 273.

ROBERTSON, P. J.—On March 28, 1914, plaintiff filed a petition in the circuit court of Jasper county wherein it was alleged that the defendant was indebted

to it, on account of boilers sold, in the sum of $2152.94. At the return term defendant appeared, filed an answer consisting of a general denial and the cause was continued to the September term and at that term, on September 20, 1914, a judgment by default was taken by the plaintiff. October 30, 1914, during the same term of court, the defendant filed a motion to set aside the default judgment. On the eleventh day of the following month the motion was overruled and the defendant has appealed.

The motion alleges that through a mistake upon the part of the defendant it was not represented at the trial because of a misunderstanding between it and the attorney previously employed by it, its general attorney in Jasper county. The motion contains this:

"Second. That the defendant has a meritorious defense to said cause of action in this: That it had stated to its attorney the facts showing that it had suffered great loss by reason of the defects in the boilers and by reason of the boilers failing to make steam in sufficient quantities to do the work that they had been warranted to the defendant to do; that it had stated such defense to its attorneys, but through some mistake the attorneys failed to file a counterclaim or set off in said action." Twelve days before the default was taken the defendant wrote to its attorney of record in the case that it had engaged another attorney whose employment commenced the first day of that month and asking the attorney of record to send statement of services rendered and money collected and paid out. It is now contended by the defendant that it supposed that the attorney of record would continue to look after that case until it was finally disposed of. This attorney testified that a few days after receiving the letter discharging him from defendant's employment that an officer of defendant, who had charge of this business, advised him that he supposed that the newly employed attorney was the attorney for defend-

ant from then on. The official was then asked about this case and he replied that he thought they had disposed of it; that he doubted if the case ever would come to trial, but that it was his understanding that another official of the company had seen the newly employed attorney about it. This testimony was not denied by either of the officials who testified in behalf of the motion. No blame is attached to the newly employed attorney.

It appears from the testimony that the case was continued, as above stated, for the purpose of enabling the defendant to compile data on the fuel consumption of the boilers. This data was compiled by the official who discussed with the previous attorney the matter of his continuing in the case. The data was completed nearly two months before the default judgment was taken and yet was not turned over to its attorney nor any effort made to file the counterclaim referred to in the motion.

It is important and necessary that a party seeking to have a default judgment set aside should accompany the motion therefor with the pleading containing the defense which it is desired to interpose, unless the motion itself contains allegations of the facts constituting the defense. The omission of this deprives the court of the right to determine whether or not the defenses relied on are meritorious. The statement, as in this case, that the defendant has a good defense and that it had been so advised after submitting the facts to its former and present attorney is not sufficient to authorize the setting aside of the judgment. It is for the court to determine, before it interferes with such a judgment, whether or not the defendant has a meritorious defense and the advice of the defendant's lawyers cannot be taken in lieu thereof. [Pry v. Hannibal & St. Joseph R. Co., 73 Mo. 123.]

The allegation in the above quoted portion of the motion that defendant was prevented from filing its

counterclaim through mistake of its attorney is disproved by the admission of its officer who testified that the data therefor was in his possession for nearly two months before the entry of judgment. The defendant was the sole cause of the counterclaim not being filed and it is likely the trial court concluded that the defendant was responsible for the whole situation which it seeks to shift onto the attorney. The case was continued so that said data could be obtained and after it was ready the defendant does not even undertake to show why it was not turned over to its attorney and the counterclaim filed. This conduct alone is persuasive, if not sufficient to prevent us from interfering with the action of the trial court, but upon the facts as a whole it is clear that we cannot say that the trial court abused its discretion; on the contrary we think the refusal to disturb the judgment proper. [Citizens Bank of Pomona v. Martain, 171 Mo. App. 194, 156 S. W. 488.]

The judgment is affirmed.

*Sturgis* and *Farrington, JJ.,* concur.