Genevieve LESTER, Plaintiff-Respondent,

v.

Ronald Russell DYER, Defendant-Appellant.

No. KCD 27056.

Missouri Court of Appeals, Kansas City District.

Dec. 2, 1974.

Motion for Rehearing and/or Transfer Denied Dec. 30, 1974.

Application to Transfer Denied Feb. 10, 1975.

Thomas A. Sweeny, Popham, Popham, Conway, Sweeny & Fremont, Kansas City, for defendant-appellant.

Gilbert Carter, Ewing, Ewing, Carter, Wight & Woodfill, Nevada, for plaintiff-respondent.

Before SWOFFORD, P. J., and SOMERVILLE and TURNAGE, JJ.

TURNAGE, Judge.

This is an appeal by the defendant from the refusal of the trial court to set aside a default judgment entered in favor of the plaintiff.

The plaintiff is the eighty-nine year old grandmother of the defendant. Plaintiff's petition was in three counts. The first count sought to have a deed executed by the plaintiff and her late husband to the defendant set aside; the second count alleged the conversion by the defendant of certain livestock and grain for which the plaintiff prayed actual damages in the sum of $918.00 and punitive damages in the sum of $50,000.00; the third count alleged an assault upon the plaintiff by the defendant by squeezing her arm and prayed actual damages in the sum of $1,000.00 and punitive damages in the sum of $50,000.00.

Plaintiff's petition was filed on August 20, 1973, and the defendant was served on August 27, 1973, by personal service in Jackson County, Missouri.

On September 27, 1973, no pleadings having been filed nor served on plaintiff's counsel, plaintiff's counsel prepared, and the trial judge signed, an order denominated as a "Judgment by Default". This order stated the deed described in Count I was set aside and further stated plaintiff was awarded the sum of $918.00 actual damages and $50,000.00 punitive damages on Count II, and the sum of $1,000.00 in actual damages and $50,000.00 in punitive damages on Count III, and then provided the judgment for monetary damages was to be interlocutory and to be subject to confirmation and modification by final assessment of damages and final judgment, for which purpose the case was set for hearing and final determination on the 10th day of October, 1973.

On October 1, 1973, pleadings prepared by defendant's counsel arrived in the clerk's office and the office of plaintiff's counsel on September 28, 1973. The postmark on the envelope received by both the clerk and the plaintiff's counsel showed the envelopes to have been mailed in Kansas City, Missouri on September 21, 1973. Both envelopes were addressed by means of a gummed sticker which contained a space to the right of the sticker below the word "to" for the designation of the addressee and a space to the left under the word "from" for the name and address of the sender. Below the space on the left

for the name and address of the sender, the sticker contained the words "parcel post, contents: merchandise, return requested". The envelopes bore four eight-cent stamps which plaintiff's counsel conceded in argument should have been sufficient to pay for first class mail. Plaintiff's counsel stated in oral argument that he received his copy of the pleadings at 11:45 A.M. on September 28.

The pleadings prepared by defendant's counsel consisted of a Motion to Dismiss Count I on the grounds such Count did not state facts upon which relief could be granted, together with Suggestions in Support of such Motion. The pleadings on Counts II and III consisted of a general denial coupled with a motion to dismiss for failure to state facts upon which relief could be granted.

When these pleadings were received by the clerk, they were marked "Filed" with the date of October 1, 1973, and placed in the file for that case.

On October 10, 1973, without notice being given to defendant or his counsel, the court took up the matter. Plaintiff and her counsel appeared and the plaintiff produced seven witnesses, in addition to herself, to prove the allegations of her petition with reference to the assault and conversion of personal property. Such witnesses also testified to the defendant's mistreatment of his former wife and infant son which plaintiff alleged in Count I demonstated unworthiness of defendant to receive the land conveyed to him by the deed sought to be set aside.

At the conclusion of this hearing, the court entered a final judgment. By this judgment, the court ordered the deed, referred to in Count I of plaintiff's petition, set aside, and stated the court's final assessment of damages was $918.00 actual damages and $50,000.00 punitive damages on Count II, and $1,000.00 actual damages and $50,000.00 punitive damages on Count III.

On November 5, 1973, defendant's counsel, having just learned of the two judgments having been entered by the court, filed a "Motion to Set Aside Default Judgment and to Reinstate Case on Active Docket". This motion recited the mailing of the pleadings from Kansas City on September 21 and the fact such pleadings were not received in Nevada until October 1; that the defendant had a good and meritorious defense as set forth in the pleadings attached to the motion, the originals of which were on file with the clerk. This motion was verified by one of defendant's attorneys.

The record does not disclose any hearing being held on defendant's motion and the parties have treated the judgment of October 10 as being final on November 10 under Rule 75.01 V.A.M.R. The defendant thereafter perfected his appeal to this court.

■ On this appeal, the defendant has undertaken to show the grounds generally stated to be essential before a judgment by default may be set aside. These are stated in Gorzel v. Orlamander, 352 S.W.2d 675 (Mo.1962) to be, (1) existence of a meritorious defense; (2) reasonable diligence or excuse for default; and (3) no substantial injury to the plaintiff resulting from delay.

The existence of these three grounds would undoubtedly show good cause as required by Rule 75.01. This rule permits the trial court to vacate a judgment within thirty days after its entry.

■ It is well to notice some well established principals bearing on this problem. The first is the policy of the law to try and determine cases on their merits when that will not result in harmful delay, Summers v. Clayton, 500 S.W.2d 28 (Mo.App. 1973). The next is, in passing on a motion to set aside a default judgment, the trial judge is to exercise his discretion. This has been described in Savings Finance Corporation v. Blair, 280 S.W.2d 675 (Mo.

App.1955) as: ". . . not a mental discretion, to be exercised ex gratia but (is) a legal discretion, to be exercised in conformity with the spirit of the law, and in a manner to subserve, and not impede or defeat, the ends of substantial justice."

In discussing the good cause referred to in Rule 75.01, this court stated in Vaughn v. Ripley, 416 S.W.2d 226 (Mo.App.1967) that this term "is not susceptible of precise definition, but it was obviously coined to serve a remedial purpose in a matter addressed primarily to the conscience of the court and it should therefore be interpreted with commensurate liberality, not only to prevent a manifest injustice but to avoid a threatened one, especially in cases tried without a jury where evidence on one side only is presented".

In meeting these requirements, defendant first asserts there was a reasonable excuse for the default. This is based upon the mailing of the responsive pleadings from Kansas City on September 21, 1973, with September 26 as the due date for those to be in Nevada, Missouri. There is no explanation in the record, and neither counsel could advance any during the argument, for this delay in the delivery by the mails, except for the notation concerning parcel post being on the address sticker. However, there was no evidence developed in any way to show this would result in a five day delivery time. There was other mail between Kansas City and Nevada in this case which only required a one day delivery time.

■ The mailing of pleadings five days in advance of the due date certainly shows reasonable diligence on the part of counsel and it would be difficult, if not impossible, to hold the action of defendant's counsel in this regard to be such negligence or lack of diligence as to constitute grounds for the denial of the setting aside of the default judgment. See German-American Bank v. Cramery, 184 Mo.App. 481, 171 S. W. 31 (Mo.App.1914).

Even assuming the parcel post sticker to be the cause of delay in delivering the pleadings, this would not show inexcusable neglect. There was admittedly sufficient postage affixed for first class mail. This would at most amount to excusable neglect.

■ Defendant next states he established that he had a meritorious defense. Defendant filed his verified motion to set aside the default judgment in which he stated he had a meritorious defense as shown by the pleadings attached thereto, the original of which had already been filed with the court. The plaintiff states this is not a sufficient pleading of meritorious defense and relies on cases which hold the bare assertion in a motion stating the existence of a meritorious defense is not sufficient. In this case the defendant went further and showed the actual pleading of his defenses which included a motion to dismiss with suggestions in support thereof on Count I and a general denial of Counts II and III. There can be no doubt the filing of a motion to dismiss with suggestions is more than an ample showing of a meritorious defense. The filing of a general denial as to the other two counts traversed all the material averments in these Counts, Huth v. Picotte, 154 S.W.2d 382 (Mo.App.1941). This shows defendant denies committing the acts charged against him. Such denial is a meritorious defense.

■ In John O'Brien Boiler Works Co., v. Home Brewing and Ice Company, 189 Mo.App. 91, 175 S.W. 225 (1915) it was held to be important and necessary that a party seeking to set aside a default should accompany the motion with the pleadings containing the defense which it is desired to interpose unless the motion itself contains allegations of the facts constituting the defense. The defendant fully complied with that requirement.

■ The defendant next suggests no substantial injury would have resulted to the plaintiff from the delay. Defendant

points out that probably much of the delay already encountered in terminating this litigation could have been avoided had defendant been notified of the hearing to be held on October 10, when the defendant's counsel, his address and telephone number, became fully known to both the clerk and plaintiff's counsel. It is more than likely the matter could have been more expeditiously handled if some notification had been given. In any event, only forty days had elapsed from the time the answer was due until defendant filed his motion to set aside the default judgment. This court must look at the situation as it existed at the time the motion to set aside the judgment was filed. Certainly at that time there was no showing of any injury to the plaintiff occasioned by the defendant being in default. In fact, the motion filed by the defendant to set aside the judgment requested the judgment not only be set aside, but that the case be reinstated on the active docket of the court. This means the case could have been set for trial on the merits as quickly as the trial court could reach the same after November 5.

Plaintiff's argument on the delay revolves around the age of plaintiff. While this court is aware of the problems connected with litigation involving a ninety-year old person, still age of and in itself would not show harmful delay. There is no medical evidence in this record to indicate plaintiff would not be able to testify or give her deposition now. No other reason why any delay was harmful is advanced, and none is found.

 The plaintiff raises two points which merit attention. The first is the argument that the judgment entered by the court on September 27, 1973, was a separate judgment on Count I, and, therefore, the motion to set aside the default judgment came too late since the judgment on that count became final on October 27. Plaintiff points to the language of the judgment of September 27, in which the deed referred to in Count I was set aside and for naught held and states the remain-

der of the judgment was interlocutory and applied only to Counts II and III. However, the court did not designate the judgment of September 27 as a separate judgment on Count I, as allowed by Rule 81.06, and the trial court again entered a full finding and order with reference to Count I in its judgment of October 10. Since the trial court did not treat the judgment of September 27 as a separate judgment as to Count I, and since the requirements of Rule 81.06 were not followed to constitute that judgment as being a separate judgment on Count I, the entire judgment of September 27 must be regarded as interlocutory. It is well settled that a judgment is not final for purposes of appeal unless it disposes of all counts in a petition, Hance v. St. Louis-San Francisco Ry. Co., 283 S.W.2d 879 (Mo.App.1965); J. G. Jackson Associates, Inc., v. Moseley, 308 S.W.2d 774 (Mo.App.1958).

Defendant urges there could be no valid judgment entered on Count I because plaintiff's petition on that count failed to state facts upon which relief could be granted. Defendant then invokes the rule stated in McCrosky v. Burnham, 282 S.W. 158 (Mo.App.1926) that a default judgment should not be entered if the petition fails to state a cause of action. The question of whether or not plaintiff's Count I states a cause of action is not herein decided, however, plaintiff would be well advised to re-examine such pleading in light of defendant's suggestions on that question.

 For these reasons, the judgment of September 27 did not finally dispose of Count I, and this was not done until the judgment of October 10. Thus, the motion to set aside the default judgment of October 10 was timely filed on November 5.

 The defendant successfully met all of the requirements imposed upon him in order to have the default judgment set aside. Having thus carried his burden, the defendant was entitled to have the trial court exercise its discretion to set aside the default judgment, and the failure of the

trial court to do so was an abuse of its discretion.

■ The plaintiff requests if the judgment be set aside, this court impose certain conditions upon the granting of this relief. The conditions the plaintiff requests are:

(1) Reimbursement by defendant to plaintiff of costs she paid in the trial court, and payment by defendant of all other costs in that court and in this court;

(2) Reimbursement by defendant to plaintiff of the costs incurred by her for the printing of her Brief;

(3) Payment by defendant to plaintiff of a sum of money determined by the court to represent the fees she has paid or become obligated to pay her counsel for services that necessarily were performed but that would have been obviated had the filing of defendant's Motion or Pleading been timely; and

(4) Admission in evidence at any subsequent trial of this case of all the evidence adduced and exhibits identified at the October 10 hearing, by use of the transcript on appeal and the original exhibits or satisfactory copies thereof, free of any objection thereto or to the qualification or competency of any witness.

The plaintiff has filed a motion asking for attorney fees in the sum of $3,630.00, $72.50 as costs paid in the trial court by the plaintiff, and $120.38 as costs incurred by plaintiff in printing of brief.

Plaintiff has not cited any authority for the imposition of these conditions except Huffman v. Meriwether, 201 S.W.2d 469 (Mo.App.1947). In that case a default judgment was set aside by this court on condition the defendant pay the court costs in the trial court incurred up to the time the motion to set aside the default was overruled.

It will be noted the plaintiff requests substantial departures from established principles of law concerning the payment of attorney fees in the absence of any agreement therefor, and the admission of evidence freed of cross examination and objection.

In the absence of any authority, this court is unable to impose all the conditions plaintiff requests. However, as allowed in *Huffman*, it would be reasonable to assess the court costs in the trial court against defendant up to and including the day of the overruling of defendant's motion.

For these reasons, the judgment overruling the motion to set aside the default judgment is reversed and this cause is remanded for trial upon the merits upon condition the defendant pay all court costs incurred in the circuit court up to and including the day his motion to set aside the default judgment was overruled.

All concur.