Vivian **PATTERSON** et al.,
Plaintiffs-Respondents,

v.

**BELGER CARTAGE SERVICE, INC.,**
Defendant-Appellant.

No. 29743.

Missouri Court of Appeals,
Western District.

Feb. 26, 1979.

Max W. Foust and G. Spencer Miller, Kansas City, for defendant-appellant.

William H. Pickett and Sandra C. Midkiff, Kansas City, for plaintiffs-respondents.

Before HIGGINS, Special Judge, Presiding, PRITCHARD, J., and WELBORN, Special Judge.

PER CURIAM.

Suit for damages for personal injuries in three count petition by mother and minor

son. Failure of separate Respondent Vivian Patterson to answer interrogatories caused Circuit Court to enter dismissal of Counts I and III. Respondents' counsel of record withdrew and other counsel was granted leave to file entry of appearance. At the time of receipt of entry of appearance, Respondents' counsel was advised by the court that Respondents had seven days to answer interrogatories. Separate Respondent Vivian Patterson failed to answer interrogatories and second order of dismissal of Counts I and III was entered.

Separate Respondent Vivian Patterson, within six months, filed motion to set aside the dismissal and after hearing, the Circuit Court sustained Respondents' motion. From that ruling, this appeal was filed alleging Respondents' counsel did not establish good cause, and that sufficient notice pursuant to Rule 74.78 was received by Respondents' counsel.

If those were the main questions to resolve, perhaps a different result could be obtained on this appeal; however, there remains pending Count II of a three count petition and the trial court order as to Counts I and III was not specifically designated as final for purposes of appeal, which it had authority to do under Rule 82.06.

In *Weir, et al. v. Brune, et al.*, 256 S.W.2d 810 (Mo.1953), the rule was affixed that where some counts of a petition remained unresolved, there is no final judgment. In *Lester v. Dyer*, 518 S.W.2d 213 (Mo.App. 1974), this court ruled, " * * * judgment is not final for purposes of appeal unless it disposes of all counts in a petition."

Appeal dismissed as premature.